Filed 6/10/26  In re J.B. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | C105190 |
| K.W., | (Super. Ct. No. 25AD000004) |
| Plaintiff and Respondent, | |
| v. | |
| J.B., | |
| Objector and Appellant. | |

Appellant J.B. (father) appeals the termination of his parental rights and the freeing of his son Jonathan B. (Jonathan) for adoption following a Probate Code section 1516.5 hearing.[1]  Father argues, and the respondent K.W. agrees, that conditional reversal and remand is required in light of the failure of the superior court and court investigator to conduct an initial inquiry into the applicability of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).  The superior court further failed to make any of the

---

[1] Subsequent undesignated statutory references are to the Probate Code.

findings required by the ICWA. Agreeing with the parties, we will conditionally reverse and remand the matter for compliance with the ICWA.

## I. BACKGROUND

Jonathan (then two years old) was removed from father in approximately 2019 following a public parental argument. Jonathan was placed with L.W., who had no relation to father, and L.W. cared for Jonathan until father's reunification approximately 18 months later. The record contains no information concerning any ICWA inquiry conducted in those dependency proceedings.

A few months after reunifying, father asked L.W. to care for Jonathan given father's alcohol and drug addiction issues, and she agreed. In July 2021, L.W.'s daughter K.W. moved into the home with Jonathan and L.W. In 2022, the superior court granted L.W.'s unopposed request for legal guardianship of Jonathan. L.W. and K.W. coparented Jonathan until K.W. was appointed as Jonathan's successor guardian.

In March 2025, K.W. filed an adoption request and an associated section 1516.5 petition to terminate father's parental rights and free Jonathan for adoption. The petition alleged that father last saw Jonathan in May 2024 when he kidnapped Jonathan from his bedroom. Father pled guilty to felony kidnapping and received a five-year prison sentence.

K.W.'s adoption request alleged that Jonathan's mother's parental rights had been terminated in 2018. It further averred that an ICWA inquiry had been completed and attached an Indian Child Inquiry Attachment (ICWA-010) form that indicated: "I have not yet been able to complete the inquiry about the child's Indian status because: Mother's parental rights have been terminated; father appears [C]aucasian. [¶] … [¶] … I have asked … [L.W.] and on information and belief confirm that this person has completed inquiry by asking the child, the child's parents, and other required and available persons about the child's Indian status. The person(s) questioned are: [¶] …

2

[L.W.] [¶] … [¶] … former guardian …. [¶] …[¶] This inquiry [¶] … [¶] … gave me no reason to believe the child is or may be an Indian child."

The superior court appointed an investigator in April 2025 to investigate K.W.'s adoption request and associated section 1516.5 petition. However, the record does not reflect that the court investigator conducted an initial ICWA inquiry. Rather, the investigator's May 2025 report reflected that the investigator did not contact father, and it does not appear that any attempts were made to contact mother or any other extended family relative. The report reflects that the investigator only interviewed K.W., and there is no indication that K.W. was asked about any possible Native American heritage. The report summarily stated, "It does not appear that the Indian Child Welfare Act applies to these proceedings."

Thereafter, the superior court held multiple hearings on the matter from June 2025 through November 2025 but failed to inquire about the applicability of the ICWA. Further, the superior court never made any ICWA related findings. Nonetheless, on November 13, 2025, the superior court terminated father's parental rights, freeing Jonathan for adoption by K.W. Father timely appealed.

## II. DISCUSSION

The parties agree and so do we that the superior court and court investigator failed to complete the duty of conducting an initial ICWA inquiry. We also agree with the parties that the superior court failed to make any of the findings required by ICWA necessitating a conditional reversal.

The ICWA "protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings." (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an

3

Indian tribe." (25 U.S.C. § 1903(4).) "In the context of a petition to free a minor from a parent's custody and care pursuant to … section 1516.5, the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child." (*Adoption of M.R.* (2022) 84 Cal.App.5th 537, 541.) This duty is discharged "by 'asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*).) Finally, the superior court has a duty to make certain ICWA related findings prior to freeing the child from a parent's custody. (*Adoption of M.R., supra*, at p. 541.)

Here, as set forth *ante*, the record does not reflect an initial inquiry by the superior court and court investigator. For example, there is no evidence that the superior court or the court's investigator attempted to ask mother, father, or any extended family members about whether they might have Native American heritage as required by the ICWA. (*Adoption of M.R., supra*, 84 Cal.App.5th at p. 541.) Nor did the superior court issue any required ICWA related orders prior to terminating father's parental rights, which is particularly egregious considering that the section 1516.5 mechanism does not apply to any Indian child. (*Adoption of M.R., supra*, at p. 541[citing § 1516.5, subd. (d)].) Accordingly, we agree with the parties that conditional reversal and remand for compliance with the ICWA is required.

## III. DISPOSITION

The judgment is conditionally reversed and remanded for the limited purpose of compliance with the ICWA. If the superior court finds the ICWA does not apply after an inquiry that was proper, adequate, and duly diligent, the judgment shall be reinstated. If, however, the superior court concludes the ICWA applies, respondent's request must be denied in accordance with section 1516.5, subdivision (d).

/S/
RENNER, J.

We concur:

/S/
EARL, P. J.

/S/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5